Carroll,
June 6, 1905.

### HUTCHINS *v.* BERRY *& a.*

BILL IN EQUITY, to determine the gristmill right, so called, to water for power at the Pickering dam on Smith's river in Wolfeborough. Transferred from the June term, 1904, of the superior court by *Wallace*, C. J.

May 2, 1855, Elphronzo G. and Sarah D. Colby, who were the

owners of the whole privilege at the Pickering dam, conveyed the same, excepting the gristmill privilege. The plaintiff claims under the exception, and the defendants under the grant in the deed.

*James A. Edgerly* and *Arthur L. Foote*, for the plaintiff.

*Leslie P. Snow* and *Sewall W. Abbott*, for the defendants.

PARSONS, C. J. The deed of the Colbys to Thompson, May 2, 1855, conveyed the whole of the Pickering mill privilege, "excepting the privilege of drawing and using water for gristmill . . . whenever there may be water in the stream or mill-pond for that purpose, it being understood that said gristmill is to use the water for running the machinery now in the same and any other additional machinery which may be put into the same or any other gristmill which may be substituted therefor, in preference to any other mills or machinery upon said privilege." It is found that "the amount of business done and the amount of water used at the gristmill are substantially the same now as on May 2, 1855, and have been substantially the same from that date to this"; that the plaintiff has not wasted the water and "has not used the gristmill or water-power connected therewith for the purpose of carrying on any other business than the gristmill business and has no intention of doing so."

The water-wheels now in use require no more water than has been used in running the gristmill for the last forty years and more; but wheels of modern construction could be put into the mill, which to develop the same amount of power would use a much smaller amount of water. The defendants excepted to the refusal of the court to order the plaintiff to substitute such wheels for those now in use.

In the absence of a definite specification of the amount of water excepted or the manner of its application to produce power, it must be understood the parties contracted with reference to the manner and extent the water was then at the date of the deed actually used for the purpose specified. *Horne* v. *Hutchins*, 71 N. H. 128, 135, 136. So long as the plaintiff uses no more water than was excepted by the deed under which the defendants claim, and for no other purpose than therein specified, the defendants have no ground of complaint. Whether the plaintiff has such title to the amount of water so excepted from the conveyance to the defendants' ancestor in title that he can rightfully use all or any of it for other purposes than the operation of a gristmill, is a question which the record expressly states was not raised or passed upon in the superior court, and which is not now in controversy

between the parties. The exception to the finding of fact, that the gristmill wheels, when all in use at one time, require sixty-nine cubic feet of water per second, presents no question of law. It does not appear that the fact has been used for any purpose inconsistent with its legal effect. Neither is there any exception to the use that has been made of it, if any.

*Exceptions overruled.*

YOUNG, J., did not sit: the others concurred.